United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-2269
_____

| | |
|---|---|
| Jose Mendez-Morales, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of an |
| v. | * Order of the Board of |
| | * Immigration Appeals. |
| Immigration and Naturalization Service, | * |
| | * **[PUBLISHED]** |
| Respondent. | * |

_____

Submitted: March 19, 1997
Filed: July 17, 1997
_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Jose Mendez-Morales seeks review of a Board of Immigration Appeals order denying adjustment of status and waiver of inadmissibility, relief that would spare Mendez-Morales from deportation because of his 1992 conviction for first degree sexual assault of a 13 year-old victim. We dismiss for lack of jurisdiction.

In response to an Immigration and Naturalization Service order to show cause why he should not be deported, Mendez-Morales conceded that he is deportable and an excludable alien because he has been convicted of a crime involving moral turpitude. See 8 U.S.C. §§ 1182(a)(2)(A)(i), 1251(a)(2)(A)(i). Mendez-Morales then sought to avoid deportation through an adjustment of status. See 8 U.S.C. § 1255(a). That

requires a waiver of inadmissibility, which is an exercise of the Attorney General's discretion under 8 U.S.C. § 1182(h). When the Board denied that relief on April 12, 1966, we had jurisdiction to review its decision under 8 U.S.C. § 1105a. The jurisdictional issue we now consider arises from two subsequent congressional actions.

First, on April 14, 1996, Congress amended 8 U.S.C. § 1105a to add subsection (a)(10), which provides: "Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in [8 U.S.C. 1251(a)(2)(A)(iii)] shall not be subject to review by any court." Pub. L. No. 104-132, § 440(a), 110 Stat. 1214, 1276-77 (1996). We agree with the Fifth Circuit that this amendment is jurisdictional in nature and therefore must be applied retroactively, in other words, to cases such as this that were pending on its date of enactment. See Mendez-Rosas v. INS, 87 F.3d 672 (5th Cir. 1996), cert. denied, 117 S. Ct. 694 (1997).[1] Therefore, if Mendez-Morales is deportable "by reason of" a criminal conviction for an "aggravated felony" as that term is used in § 1251(a)(2)(A)(iii), we have no jurisdiction. "Aggravated felony" is defined in 8 U.S.C. § 1101(a)(43).

The second relevant enactment occurred on September 30, 1996. In § 321(a)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Congress altered the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43) to include sexual abuse of a minor. Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546, 627

---

[1]The amendment in question is found in Title IV of the Antiterrorism and Effective Death Penalty Act. In holding § 440(a) of that Act retroactive, Mendez-Rosas applied the presumption of jurisdictional retroactivity articulated in Landgraf v. USI Film Products, 511 U.S. 244, 274 (1994). Although the Supreme Court recently held a portion of Title I of the Act non-retroactive, declining to apply Landgraf's "default rule," the Court noted that Title I "stands more or less independent of the Act's other titles." Lindh v. Murphy, 65 U.S.L.W. 4557, 4558 (U.S. Jun. 23, 1997). Because Lindh turned upon the drafting peculiarities of Title I, we apply the Landgraf rule to § 440(a). In addition, because this case involves "the applicability of the new provisions to criminal convictions or criminal acts that occurred before the Act was passed," Reyes-Hernandez v. INS, 89 F.3d 490, 493 (7th Cir. 1996), is distinguishable. See Yang v. INS, 109 F.3d 1185, 1191 (7th Cir. 1997).

(1996). Addressing the question of retroactivity specifically, Congress provided that this definitional amendment applies to convictions entered before enactment and "to actions taken on or after the date of the enactment." IIRIRA §§ 321(b), (c), 110 Stat. at 3009-628. Mendez-Morales was convicted of committing an aggravated felony as defined in the IIRIRA amendment to § 1101(a)(43). He is deportable "by reason of" that conviction under 8 U.S.C. §§ 1105a(a)(10)[2] and 1251(a)(2)(A)(iii). Because judicial review by this court would be an "action taken" for purposes of IIRIRA § 321(c), we have no jurisdiction to hear his appeal. We reject Mendez-Morales's contention that this lack of judicial review deprives him of due process. See Yang, 109 F.3d at 1194-97.

Accordingly, the appeal is dismissed for lack of jurisdiction.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]IIRIRA also repealed 8 U.S.C. 1105a in its entirety. However, this repealer is not relevant here because it applies only to "final orders of deportation . . . filed on or after the date of the enactment." Pub. L. No. 104-208, Div. C, § 306(c), 110 Stat. 3009-546, 612 (1996).